LORETTA CRADY
HARDIN CIRCUIT COURT
HARDIN COUNTY JUSTICE CENTER
120 EAST DIXIE AVENUE
ELIZABETHTOWN, KY 42701-1975

9414 7266 9904 2959 5605 55
RETURN RECEIPT REQUESTED

National Corporate research LTD
828 Lane Allen Road
Suite 219
Lexington, KY
40504

17-CI-97

cb

Thank you for using Return Receipt Service

FOLD AND TEAR HERE

| | | |
|---|---|---|
| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **17-CI-00097**<br>Court: **CIRCUIT**<br>County: **HARDIN** |

*Plantiff*, **PETTWAY, ABRAHAM VS. LOGISTICS SOLUTIONS GROUP INC**, *Defendant*

TO:  NATIONAL CORPORATE RESEARCH LTD
     828 LANE ALLEN ROAD
     SUITE 219
     LEXINGTON, KY 40504

The Commonwealth of Kentucky to Defendant:
**LOGISTICS SOLUTIONS GROUP INC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Loretta Crady, Hardin Circuit Clerk
Date: **01/17/2017**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____      _____ Served By

_____ Title

Summons ID: 3994732827824@00000265137,
CIRCUIT: 17-CI-00097 Certified Mail
PETTWAY, ABRAHAM VS. LOGISTICS SOLUTIONS GROUP INC



Page 1 of 1

**eFiled**

Filed          17-CI-00097     01/17/2017          Loretta Crady, Hardin Circuit Clerk

COMMONWEALTH OF KENTUCKY
HARDIN CIRCUIT COURT
DIVISION III

ABRAHAM PETTWAY                                                              PLAINTIFF
346 Valley View Dr.
Radcliffe, KY 40160

vs.                                     **COMPLAINT**

LOGISTICS SOLUTIONS GROUP INC.                                               DEFENDANT
4701 Owens Way,
Prince George VA. 23875

    SERVE: Their Registered Agent:

        NATIONAL CORPORATE RESEARCH, LTD.
        828 LANE ALLEN ROAD
        SUITE 219
        LEXINGTON, KY 40504

    Comes the Plaintiff Abraham Pettway and for his Complaint against the Defendant LOGISTICS SOLUTIONS GROUP INC, (LSG) states as follows:

### PARTIES JURISDICTION AND VENUE

1. This action involves violation of the Kentucky Civil Rights Act, KRS Chapter 344 which prohibits, in relevant part, discrimination based upon race, age, sex, disability, and retaliation. It endeavors to correct and remedy these unlawful employment practices and to make whole and compensate victims such as Abraham Pettway.

2. Abraham Pettway is an individual who lives at 346 Valley View Drive, in the city of Radcliff and county of Hardin in the Commonwealth of Kentucky.

3. Logistics Solutions Group Inc. does, in fact, do business within the Commonwealth of

Filed          17-CI-00097     01/17/2017          Loretta Crady, Hardin Circuit Clerk

Package:000003 of 000020
Presiding Judge: HON. KELLY MARK EASTON (609182)
Package : 000003 of 000020

Kentucky with an office in Fort Knox, Hardin County, Kentucky.

4. Logistics Solutions Group Inc. (LSG) was incorporated and licensed to do business in the Commonwealth of Virginia on August 27, 1999, with a principle place of business of 4701 Owens Way, Prince George VA, 23875.

5. Logistics Solutions Group Inc is a foreign corporation that was registered with the Kentucky Secretary of State on or about July 11, 2012 with its designated agent for service of process as National Corporate Research, Ltd., 828 Lane Allen Road, Suite 219, Lexington, KY 40504.

6. This court has jurisdiction of this action pursuant to KRS Chapter 344 and may exercise personal jurisdiction over the Defendant as all acts occurred in Hardin County Kentucky.

7. Venue is proper in Hardin County Kentucky as the events described herein occurred therein.

## GENERAL ALLEGATIONS

8. The Plaintiff, Abraham Pettway, (Pettway) is a 79-year-old man who has continuously worked at Fort Knox, Hardin County, as a civilian dispatcher since June 1 of 2001.

9. Pettway is a veteran and retired from the U.S. army.

10. LSG is a Service-Disabled Veteran-Owned Small Business government contractor, providing logistics and information technology services.

11. Upon information and belief, it is common practice in the government provided logistics service industry for contractors to assume ongoing operations in substantially unchanged form, retaining substantially all staff, management, operations, equipment and providing

the same services as its predecessor, to maintain substantial continuity, becoming a successor to all interests and liabilities of the prior contractor.

12. Upon information and belief, in February 2015, LSG, contracted with the prime contractor and the U.S. Government to fully assume as successor, all aspects of the existing contract under which Pettway was employed and assumed all the employees, including supervisors, duties, obligations, equipment, location, responsibilities, and liabilities of its predecessor at the Fort Knox, Hardin County, facility where Pettway is and has been employed.

13. When Logistics Solutions Group assumed the sub-contract Pettway's full employment status was maintained and continued, including his 2001 hire date, length of service, and benefits of the length of service, including seniority and vacation time.

14. Pettway has had the same supervisor, Ms. Donnell Scott, since 2011. Mr. Casey Palmer, the HR alternate at the Fort Knox, Hardin County, Kentucky location also has been employed by previous contractors.

15. LSG and its predecessors in interest, through their policies and procedures and by the actions of its supervisors, specifically including Ms. Scott discriminates against African Americans, and older workers and men supervised by Ms. Scott. This is particularly true at the Fort Knox, Hardin County, Kentucky location.

16. Pettway previously reported discrimination by Ms. Scott, In 2013 to the base EEO department and Mr. Berthold, Transportation Manager, who remained the transportation manager for LSG until he left the company. Pettway reported to his managers and to Fort Knox, the race, sex, and age discrimination at that time.

Filed 17-CI-00097 01/17/2017 Loretta Crady, Hardin Circuit Clerk

17. Pettway who had seniority and who was lead dispatcher, was transferred to second shift, and demoted because of his age, with no prior verbal counseling, warnings, writeups, and no adverse performance reviews.

18. Other employees have complained of discrimination at the Fort Knox, Hardin County, Kentucky location but the discrimination has not resolved.

19. The discrimination based upon Pettway's age, race and sex has been continuous for at least three years.

20. At the time LSG took over the contract, Mr. Berthold, a white male, was a manager, retained by LSG and LSG, through its transportation manager, Mr. Berthold was aware of the discrimination, harassment and retaliation and did not remedy the situation, allowing it to continue.

21. Since LSG took over the contract in February of 2015 Pettway has been treated like he is disabled with a poor memory and lack of mental capacity solely because of his age. Pettway has full mental capacity and does not have, memory retention, or comprehension issues.

22. LSG sees Pettway's age as a disability and discriminates against him, having stereotyped him as mentally and physically deficient due to his age.

23. LSG will not allow Pettway to work full time or return to day work because of his age.

24. LSG treats Pettway differently than other similarly situated white and younger employees giving them preference because of their age and race.

25. In August, Pettway who had been the logistic scheduler for many years was removed from this position as well, with no prior verbal counseling, warnings, writeups, and no adverse performance reviews, because of his age, race, and sex.

Filed 17-CI-00097 01/17/2017 Loretta Crady, Hardin Circuit Clerk

Package:000006 of 000020
Presiding Judge: HON. KELLY MARK EASTON (609182)
Package : 000006 of 000020

Filed        17-CI-00097        01/17/2017        Loretta Crady, Hardin Circuit Clerk

26. Preference given to white employees, includes but is not limited to, denying, and limiting holiday pay for African Americans and specifically Pettway. In 2016/2017 there were four incidents.

   a. First, Pettway was scheduled to work in July and September so that he would receive holiday pay. (LSG posts schedules at the end of the month for the following month.). When possible, employees with regular work schedules are given schedules that will allow them to receive holiday pay as if they had worked their regular schedule when the observed holiday occurs on a weekday.

   b. In July, Pettway who was full-time, had his scheduled hours cut, after the schedules were posted and his hours were given to two white employees Kelly Denson and Mr. Robie Richardson at the last minute so that Pettway's holiday pay was significantly reduced and so that the white employees would receive more holiday pay.

   c. In September of 2016, over the holiday weekend, Pettway was scheduled to work so that he would receive holiday pay for Labor Day. At the last minute, Ms. Scott told him that he was not to work the hours he was scheduled and that Ms. Fisher, a white female employee was going to work them instead. This was done so that Ms. Fisher, a white female who is full time, with less seniority but who is now lead dispatcher, would receive holiday pay and Pettway would be denied and was, in fact, denied holiday pay.

   d. In telling Pettway the he was not to work as scheduled Ms. Scott spoke to him in a derogatory fashion, as if he were feeble minded, due to his age, slowly and emphatically enunciating each word. "TOMORROW    YOU    ARE

Filed        17-CI-00097        01/17/2017        Loretta Crady, Hardin Circuit Clerk

Filed 17-CI-00097 01/17/2017 Loretta Crady, Hardin Circuit Clerk

NOT TO COME IN TO WORK BEFORE 1630. DO YOU UNDERSTAND? ARE YOU LISTENING TO ME?" Mr. Pettway was not distracted and had been giving Ms. Scott his full attention. He was obviously not only listening to her but being respectful. This treatment of Pettway was offensive, humiliating, and unfair. Nevertheless, Pettway responded respectfully saying "Yes ma'am, I understand."

    e. Scott's tone was deliberately insulting as if Pettway was incapable of understanding or remembering the instruction.

    f. When speaking to Pettway, this is the same manner that Ms. Scott typically uses to address Pettway. She does not use this tone when addressing younger, white, and female employees

    g. By December, 2016, because of his race, age and in retaliation for his refusal to drop his claims of discrimination, Pettway was scheduled so that he would be denied, and was denied, holiday pay for Christmas and New Year's 2017. Upon information and belief, all white employees working under Ms. Scott, received holiday pay for these dates.

27. Scott does not speak to other employees who are younger in such a derogatory tone and in such an offensive manner.

28. Pettway's age is treated as a disability by LSG.

29. LSG, through Scott, gives African American employees writeups while giving white employees a pass and no write-up on the same and similar matters. One example of the

Filed 17-CI-00097 01/17/2017 Loretta Crady, Hardin Circuit Clerk

Filed                17-CI-00097    01/17/2017              Loretta Crady, Hardin Circuit Clerk

disparate treatment between white and African Americans involves an incident in September of 2016 with Mr. Pettway.

    a. Ms. Wheeler, a white female employee, with less seniority who was given scheduling responsibilities in August 2016 after they were taken from Pettway, and was responsible for providing a vehicle assignment sheet to Pettway each day.

    b. One day, in September of 2016, Wheeler failed to provide the assignment sheet to Mr. Pettway, before leaving for the day. When Pettway discovered that the assignment sheet had not been provided, and he could not locate it, neither Wheeler nor Scott were available.

    c. Pettway assigned vehicles to meet the company needs as he had done for many years. While all the work was handled, it was allegedly not done in accord with the missing schedule.

    d. Pettway was written-up for failing to follow the schedule while Wheeler, a white female, who failed to provide the assignment sheet was not.

30. LSG's employee handbook provides that a person "experiencing discrimination or harassment, to report the incident to your manager or any officer of LSG with whom you feel comfortable."

31. Casey Palmer was and is designated by LSG as the Human Resource alternate and is the person to whom discrimination and other HR issues are to be reported at the Fort Knox, Hardin County, location.

Filed                17-CI-00097    01/17/2017              Loretta Crady, Hardin Circuit Clerk

Package:000009 of 000020
Presiding Judge: HON. KELLY MARK EASTON (609182)
Package : 000009 of 000020

32. On October 13, 2016, Pettway again reported the discrimination, harassment, and retaliation to Casey Palmer, LSG's HR alternate, that he was being discriminated against because of his age, race, and sex. At that time, Pettway reported to Palmer and LSG:

   a. The disparate treatment of African Americans in general.

   b. Reported the incident involving the recent missing vehicle assignment sheet write-up with no corresponding write-up for Ms. Kathy Wheeler who had failed to provide the assignment sheet.

   c. The regular derogatory tone of Ms. Scott, treating him like he was mentally deficient, because of his age.

   d. Reported Ms. Scott's practice of last minute schedule changes in favor of white employees, to allow white employees to receive all or part of the holiday pay that Pettway was to receive. LSG has since stopped scheduling him during the holidays so that white employees will receive greater income.

   e. Ms. Scott's saying that she did not want Pettway working days because the less she could see of that old man the better.

   f. That when she sees him walking in the door she gets up and gives him a dirty look and slams the door refusing to speak with him.

   g. Scott's constantly putting him down because of his age and race and comments that she has made to drivers about his age.

   h. Reported the harassment and discrimination experienced by other African American employees giving examples which included the treatment of Mr. Allen another African American male.

Page **8** of **18**

   i. Told Palmer how this had caused him physical symptoms, upset and anxiety about reporting to work.

Palmer promised that the report was not being made to a deaf ear and he would look into it and see that something was done.

33. The following day, on October 14, 2016, LSG did, in fact, do something about the report and charges. It retaliated against Pettway, for the discrimination report, by changing his current schedule from full or part-time effective immediately.

34. No full-time white and particularly no full-time white female had their hours reduced or were demoted to part-time.

35. Pettway has the most seniority and should have been returned to day shift and kept as full-time.

36. LSG knew of, supported, encouraged, and ratified the discrimination and harassment against Mr. Pettway specifically and African Americans, older workers and men who are supervised by Ms. Scott.

37. LSG actively continued to discriminate and retaliate against Mr. Pettway, when he failed to drop his charge of discrimination, further reducing his hours, altering his schedule, and denying him holiday pay in retaliation.

38. Upon information and belief LSG either failed to conduct a substantive review into the practices of the Fort Knox, Hardin County, location that suggested active discrimination at the time it took over the contract, or ignored the same.

39. Upon information and belief, LSG failed to conduct a substantive investigation and review of the complaints made to LSG through its HR Alternate and manager Casey Palmer on October 13, 2016 by Abraham Pettway.

Presiding Judge: HON. KELLY MARK EASTON (609182)

Filed                17-CI-00697    01/17/2017        Loretta Crady, Hardin Circuit Clerk

40. Upon information and belief, LSG has not spoken to any of the affected employees and former employees and did not review its own records that establish the discrimination.

41. LSG has failed to stop the harassment, discrimination, and retaliation and in fact has allowed it to increase after receiving notice of the violations.

42. Pettway has been treated differently than other similarly situated individuals because of his age, race, and sex.

43. LSG, through Scott, with the knowledge and permission of LSG holds African American employees to a different standard than white employees and particularly white female employees.

44. LSG, at the Hardin County facility, has a pattern and practice of discriminating against African Americans, regularly giving preference to white employees, writing up African American employees when white employees are not written up. This is particularly true at the Fort Knox, Hardin County, Kentucky location of the Defendant.

45. Upon information and belief, African American employees are denied, demoted from, or not considered for supervisory positions. This is particularly true in the t Fort Knox, Hardin County, Kentucky location.

46. At LSG's office in Hardin County Kentucky, African American employees are not promoted and are not given supervisory duties and responsibilities.

47. At LSG's office in Hardin County Kentucky, there is a pattern and practice of discrimination against African American employees.

48. Pettway has taken steps to file a discrimination claim with the EEOC under federal law but has not received a right to sue letter. Pettway reserves the right to amend this pleading when his federal claims accrue.

Filed                17-CI-00697    01/17/2017        Loretta Crady, Hardin Circuit Clerk

Filed       17-CI-00007   01/17/2017         Loretta Crady, Hardin Circuit Clerk

49. White employees are given preference over African American employees, for hours, promotions, pay and positions.

50. The discrimination and retaliation has caused Pettway to suffer from anxiety, fear, worry and has resulted in loss of sleep, stomach upsets and aggravation of physical conditions affected by stress, including blood pressure.

51. LSG is liable for discrimination, harassment and retaliation that occurred since February of 2015.

52. LSG is liable for discrimination, harassment and retaliation that occurred prior to February of 2015 as it's assumption of the contract occurred under such circumstances that it is charged with knowledge of those acts, it failed to address or rectify the misconduct, has ratified them by its continuing actions and also has successor liability under the substantial continuity test for the pre-February 2015 discrimination, harassment, and retaliation.

## COUNT I
### VIOLATION OF KRS CHAPTER 344
### PROHIBITING DISABILITY DISCRIMINATION

53. Pettway realleges and incorporates by reference each and every allegation contained in each of the preceding allegations in paragraphs 1-52 above.

54. The Defendant's perceived the Plaintiff, Abraham Pettway, as having a disability and their actions as described above were in violation of KRS 344.

55. As a direct and proximate result of the acts and practices of the Defendant, its agents and employees in the discriminatory treatment of Plaintiff, on account of Pettway's perceived disability in violation of KRS 344, the Plaintiff, Abraham Pettway, has suffered and continues to suffer injury, including demotion, past and future loss of income, retirement benefits, and other employment benefits, emotional pain and suffering, mental

Filed       17-CI-00007   01/17/2017         Loretta Crady, Hardin Circuit Clerk

anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation and other past and future pecuniary losses.

56. The Defendant's acts and practices described above were willful and intentional and outrageous and were performed with malice and/or reckless indifference to the Pettway's protected civil rights, within the meaning of KRS 344.

57. As a result of the Defendant's acts and practices Pettway has incurred and is now incurring a loss of wages and benefits and continuing medical expenses all within the meaning of KRS 344, an amount to be proved at trial, but in excess of the minimum jurisdictional limit of this court.

58. The Defendant is liable for these damages which include without limitation, lost wages, and medical expenses, back pay from the effective date of his termination, lost benefits from the date of termination, lost employment benefits from the date of termination, the loss of front pay as the date of this complaint, and any interest on the amount area and as provided in the relevant statutes. The costs also include attorney fees.

## COUNT II
## VIOLATION OF KRS CHAPTER 344
## PROHIBITING AGE DISCRIMINATION

59. Pettway realleges and incorporates by reference each and every allegation contained in each of the preceding allegations in paragraphs 1-58 above.

60. The Defendant's acts of discrimination against of Pettway were on account of his age in violation of KRS 344.

61. At all times, relevant hereto the Defendant has been covered under and subject to the requirements of KRS 344.

62. At all relevant times, the Defendant's discrimination of and treatment of Plaintiff was on

Filed          17-CI-00097    01/17/2017       Loretta Crady, Hardin Circuit Clerk

account of Pettway's age and was in violation of his rights under KRS 344. The Plaintiff's age was the but-for cause of the adverse employment actions described herein.

63. Alternatively, the Plaintiff's age was a motivating factor in the adverse employment actions described herein.

64. As a direct and proximate result of the acts and practices of the Defendant, its agents and employees in the discriminatory treatment of Plaintiff on account of Plaintiff's age in violation of public policy of in violation of K, the Plaintiff has suffered and continues to suffer injury, including demotion, past and future loss of income, retirement benefits, and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation and other past and future pecuniary losses.

65. The Defendant's acts and practices described above were willful and intentional and were performed with malice and/or reckless indifference to the Plaintiff's protected civil rights, within the meaning of, and in violation of KRS 344.

## COUNT III
## VIOLATION OF KRS CHAPTER 344
## PROHIBITING RACE DISCRIMINATION

66. The Plaintiff incorporates and realleges paragraphs 1 through 65 of this Complaint as if fully set forth here.

67. The Defendant's acts of discrimination against the Plaintiff was on account of Plaintiff's race and color and violated KRS 344.

68. As a direct and proximate result of the acts and practices of the Defendant, its agents and employees in the discriminatory treatment of Plaintiff on account of Plaintiff's race and color in violation of KRS 344, the Plaintiff has suffered and continues to suffer

Filed          17-CI-00097    01/17/2017       Loretta Crady, Hardin Circuit Clerk

Presiding Judge: HON. KELLY MARK EASTON (609182)

Package : 000015 of 000020

Filed                17-CI-00097    01/17/2017           Loretta Crady, Hardin Circuit Clerk

injury, including demotion, past and future loss of income, retirement benefits, and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation and other past and future pecuniary losses.

69. The Defendant has a pattern and practice of discriminating against employees because of their race and color

70. The Defendant's acts and practices described above were willful and intentional and were performed with malice and/or reckless indifference to the Plaintiff's protected civil rights, within the meaning of KRS 344.

## COUNT IV
## VIOLATION OF KRS CHAPTER 344
## PROHIBITING SEX DISCRIMINATION

71. The Plaintiff incorporates and realleges paragraphs 1 through 70 of this Complaint as if fully set forth here.

72. The Defendant's acts of discrimination against the Plaintiff was on account of Plaintiff's sex and violated KRS 344.

73. As a direct and proximate result of the acts and practices of the Defendant, its agents and employees in the discriminatory treatment of Plaintiff on account of Plaintiff's sex in violation of KRS 344, the Plaintiff has suffered and continues to suffer injury, including demotion, past and future loss of income, retirement benefits, and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation and other past and future pecuniary losses.

74. The Defendant has a pattern and practice of discriminating against employees because of

Filed                17-CI-00097    01/17/2017           Loretta Crady, Hardin Circuit Clerk

their sex in hiring, the terms, and conditions of employment, and promoting employees. This is particularly true at the Fort Knox, Hardin County, Kentucky location of Defendant.

75. The Defendant's acts and practices described above were willful and intentional and were performed with malice and/or reckless indifference to the Plaintiff's protected civil rights, within the meaning of KRS 344.

## COUNT V
## VIOLATION OF KRS CHAPTER 344
## PROHIBITING RETALIATION

76. The Plaintiff incorporates and realleges paragraphs 1 through 75 of this Complaint as if fully set forth here.

77. The Defendant's acts of retaliation against the Plaintiff were on account of Plaintiff's reporting and refusing to drop charges of discrimination in violation of KRS 344.280.

78. As a direct and proximate result of the acts and practices of the Defendant, its agents, and employees in retaliating against the Plaintiff has suffered and continues to suffer injury, including demotion, past and future loss of income, retirement benefits, and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation and other past and future pecuniary losses.

79. The Defendant's acts and practices described above were willful and intentional and were performed with malice and/or reckless indifference to the Plaintiff's protected civil rights, within the meaning of KRS 344.

## COUNT VI
## OUTRAGEOUS CONDUCT

80. Pettway realleges and incorporates by reference each and every allegation contained in each of the preceding allegations in paragraphs 1-79 above.

81. The Defendant's actions as set forth herein, were outrageous, intolerable, and so extreme and outrageous, intentional, or reckless as to exceed all bounds of decency which prevail in civilized communities and societies.

82. The Defendant's actions as set forth herein, were conscious, intentional acts and the Defendant knew or should have known that such acts would likely cause emotional distress.

83. As a direct and proximate result of the Defendant's outrageous conduct, as set forth herein, the Defendant's actions as set forth herein, did in fact cause the Plaintiff emotional distress and also caused the physical symptoms described hereinabove.

84. That the Defendant has caused the injuries, damages, and losses to the Plaintiff by their outrageous conduct; and, the Plaintiff is entitled to recover against the Defendant for the injuries, damages and losses set forth herein.

85. The Defendant is liable to the Plaintiff for punitive and compensatory damages

## COUNT VII
## NEGLIGENT SUPERVISION

86. Pettway realleges and incorporates by reference each and every allegation contained in each of the preceding allegations in paragraphs 1-85 above.

87. That the Defendant was required to supervise the actions of its managers, supervisors, and employees.

88. That the Defendant knew or should have known, that it created an unreasonable risk of harm to the Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, including Ms. Scott.

Filed          17-CI-00097   01/17/2017         Loretta Crady, Hardin Circuit Clerk

89. The Defendant, has caused damages by way of their negligent supervision and the Plaintiff is entitled to recover against the Defendant for his injuries, damages and losses caused by the Defendant's negligent supervision as set forth herein.

**WHEREFORE**, Pettway prays for the following relief:

1. Judgment against the Defendant on all counts.

2. For compensatory and punitive damages under each and every count alleged herein interest thereon.

3. Requiring the Defendant to reinstate the Plaintiff to his fulltime day position or a position of equal duties, and responsibilities, with equal pay and benefits, as the Plaintiff would have received but for the discriminatory conduct, and an award of back pay for the sums he would have earned and front pay for what he should earn, had he not been subject to discrimination discriminatory conduct.

4. For Pettway's reasonable attorneys' fees.

5. Granting the Plaintiff, the right to amend his pleadings as additional claims accrue or are revealed by the facts and evidence found during discovery.

6. Declaring that the acts and practices complained of here are in violation of the Plaintiffs rights as secured by KRS 344.

7. Preliminary and permanently restraining and enjoining the Defendant and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert from any conduct violating the Plaintiff's rights as secured by KRS 344;

8. Awarding the Plaintiff lost pay, back pay, unpaid benefits; interest and appropriate

Filed          17-CI-00097   01/17/2017         Loretta Crady, Hardin Circuit Clerk

Package:000019 of 000020
Presiding Judge: HON. KELLY MARK EASTON (609182)
Package : 000019 of 000020

recovery for the lost employment benefits, and other affirmative relief as may be appropriate;

9. **A jury trial on all issues so triable.**
10. For all costs of suit herein; and
11. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Patricia A. Abell*
Patricia A. Abell, Esq.
101 North Seventh St
Louisville, KY 40202
(502) 561-3455
pabell@patriciaabell.com
Counsel for Robyn Pettway

I, Abraham Pettway, being first duly sworn, state that I am the Plaintiff in this action and to the extent that I have personal knowledge of the facts alleged in the Complaint, I verify that the information is true and accurate to the best of my belief and information.

Abraham Pettway

STATE OF KENTUCKY     )
                      ) ss:
COUNTY OF Hardin      )

SUBSCRIBED AND SWORN TO before me, by Abraham Pettway on this 10th day of January 2017.

NOTARY PUBLIC STATE AT LARGE