UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ABRAHAM PETTWAY,                                                                            Plaintiff,

v.                                                                     Civil Action No. 3:17-cv-73-DJH-CHL

LOGISTICS SOLUTIONS GROUP, INC., et
al.,                                                                                              Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Abraham Pettway is a dispatcher at a Transportation Motor Pool facility servicing the Fort Knox Army post. (Docket No. 20, PageID # 200) Pettway's supervisors allegedly discriminated against Pettway due to his race, age, gender, and perceived disability. (*Id.*, PageID # 200-07) Although Pettway reported his supervisors' misconduct, his employers Wolverine Services LLC, Akima Support Operations LLC, and Akima LLC (collectively "Akima") and Akima's successor, Logistics Solutions Group, Inc. (LSG) did not take corrective action. (*Id.*, PageID # 201-05) Pettway filed this lawsuit against LSG and subsequently joined Akima, asserting claims of race, age, gender, and disability discrimination; retaliation; outrageous conduct; negligent hiring and supervision against Akima. (D.N. 1-1; D.N. 20) Akima moved to dismiss all claims against it on the grounds that Pettway did not state a claim. (D.N. 27) Pettway sought leave to amend his complaint a second time. (D.N. 30) Akima opposes Pettway's motion for leave to amend, arguing that the proposed amendment is futile for the same reasons asserted in its motion to dismiss. (D.N. 31) The Court agrees and will therefore deny Pettway's motion to amend and grant Akima's motion to dismiss.

## I. BACKGROUND

The following facts are set out in the first amended complaint and accepted as true for purposes of the present motions. *See Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). Pettway is and has been employed as a dispatcher at a Transportation Motor Pool Facility (TMP) on Fort Knox since 2001. (D.N. 20, PageID # 200) In 2012, Akima acquired the TMP and, in assuming substantially all of the employees at the TMP, became Pettway's employer. (*Id.*)

In 2013, Donnell Scott, Pettway's supervisor, began discriminating against Pettway in a variety of ways, such as denying Pettway holiday pay and treating Pettway as though he were disabled due to his age and race. (*Id.*, PageID # 202-03) Pettway reported this misconduct to Akima through the transportation manager. (*Id.*, PageID # 201) However, Akima did not take corrective action. (*Id.*)

The discrimination against Pettway continued when Logistics Solutions Group, Inc., assumed Akima's contract in 2015; LSG retained all Akima employees, including those who mistreated Pettway. (*Id.*, PageID # 202) Pettway reported the disparate treatment to LSG, but LSG took no action. (*Id.*, PageID # 205) The discrimination caused Pettway to suffer monetary losses as well as anxiety, fear, worry, sleep loss, stomach pain, and physical ailments related to stress, such as high blood pressure. (*Id.*, PageID # 209)

Pettway brought this suit against LSG and later amended his complaint to add Akima as a defendant. (D.N. 1; D.N. 18; D.N. 20) Pettway alleges that Akima and LSG discriminated and retaliated against him in violation of the Kentucky Civil Rights Act and committed the torts of

outrageous conduct and negligent hiring and supervision.[1]  (*Id.*)  He now seeks leave to amend his complaint again to supplement the factual allegations against Akima.  (D.N. 30)  Specifically, Pettway seeks to add examples of disparate treatment while Akima was his employer, such as being moved to a less desirable shift due to errors made by a young, white employee; Akima limiting Pettway's responsibilities and excluding him from meetings; and Pettway's coworkers making derogatory comments about his age.  (D.N. 30-2, PageID # 307-11)  Pettway's proposed amended complaint also modifies his description of the TMP location: rather than explicitly stating that the TMP is located on Fort Knox, Pettway now generally refers to his workplace as the TMP "providing services to Fort Knox."  (*Id.*, PageID # 307)

Akima opposes the proposed amendment as futile, arguing that Pettway's KCRA and outrageous-conduct claims are barred by the Federal Enclave Doctrine and that Pettway's negligent hiring and supervision claim is preempted by the Kentucky Workers Compensation Act.  (D.N. 31)  Akima further contends that because the claims against it are barred, they should be dismissed under Federal Rule of Civil Procedure 12(b)(6).  (D.N. 27)  The Court agrees.

**II.     STANDARD**

Leave to amend should be "freely" granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This means that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or . . . futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A proposed amendment is futile, and should

---

[1] Pettway asserts additional claims against LSG for alleged violations of the Age Discrimination and Employment Act of 1967, the Civil Rights Act of 1964, the Americans with Disabilities Act, and 42 U.S.C. § 1981.  (D.N. 20, PageID # 216-21)

not be permitted if it could not survive a Rule 12(b)(6) motion to dismiss. *Beydoub v. Sessions*, 871 F.3d 459, 469 (2017).

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating whether this pleading standard has been satisfied, the Court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill*, 409 F.3d at 716.

Claims may be dismissed pursuant to Rule 12(b)(6) if they are barred by the Federal Enclave Doctrine. *Klausner v. Lucas Film Entm't Co.*, No. 09-03502 CW, 2010 WL 1038228, at *4 (N.D. Cal. Mar. 19, 2010). Under the Federal Enclave Doctrine, if a state legislature consents to the purchase of land by the United States, the federal government obtains exclusive legislative power over such land unless the state reserved the right to retain legislative power. *Falls Brewing Co. v. Reeves*, 40 F. Supp. 35, 38-40 (W.D. Ky. 1941). If a state does not reserve legislative power, state laws in existence at the time of the acquisition are enforceable on the enclave, but subsequently enacted laws are not. *Paul v. United States*, 371 U.S. 245, 268 (1963). Thus, if an injury occurs on a federal enclave, claims may only be brought under laws enforceable on the enclave. *See Bordetsky v. Akima Logistics Servs., LLC*, No. CIV.A. 14-1786 NLH, 2014 WL 7177321, at *2 (D.N.J. Dec. 16, 2014). Pettway concedes that his proposed amendment would be futile if the Court finds that the Federal Enclave Doctrine applies here. (D.N. 30-1, PageID # 301)

## III. DISCUSSION

### A. Pettway's Kentucky Civil Rights Act and Outrageous-Conduct Claims

Akima argues that Pettway's Kentucky Civil Rights Act and outrageous-conduct claims are barred by the Federal Enclave Doctrine. (D.N. 30-2) As Akima notes, Fort Knox became a federal enclave in 1942. Ky. Rev. Stat. § 3.030; *see also Watkins v. Safety-Kleen Systems, Inc.*, No. CIV A 5:08-CV-224KSF, 2008 WL 4073554, at *6 (E.D. Ky. Aug. 29, 2008); *In re Air Crash Disaster at Gander, Newfoundland on Dec. 12, 1985*, 660 F. Supp. 1202, 1207 n.4 (W.D. Ky. 1987). Kentucky did not reserve legislative power on Fort Knox. Ky. Rev. Stat. § 3.030; *see Watkins*, 2008 WL 4073554, at *6. The Kentucky Civil Rights Act was enacted in 1966, and Kentucky first recognized the tort of outrageous conduct in 1984. Ky. Rev. Stat. § 344.020; *Craft v. Rice*, 671 S.W.2d 247, 250-51 (Ky. 1984); *Kentucky Farm Bureau Mut. Ins. Co. v. Burton*, 922 S.W.2d 385, 389 (Ky. Ct. App. 1996). Therefore, if Pettway's injuries occurred on Fort Knox, his KCRA and outrage claims against Akima are barred by the Federal Enclave Doctrine.[2] *See Paul*, 371 U.S. at 268; *Bordetsky v. Akima Logistics Servs., LLC*, 2014 WL 7177321, at *2.

Pettway does not dispute Fort Knox's status as a federal enclave or the inapplicability of the KCRA and tort of outrageous conduct to injuries suffered on Fort Knox. (*See* D.N. 28) Instead, he contends that there is nothing in his proposed amended complaint indicating that his injuries occurred on Fort Knox. (D.N. 28, PageID # 272) However, Pettway's proposed amended complaint states twice that his injuries occurred at his workplace on "Fort Knox, Hardin County,

---

[2] Pettway also suggests that Akima may have waived the exclusive jurisdiction of the federal enclave when it became certified by the United States Small Business Administration and when it contracted with the federal government to provide logistics to Fort Knox. (D.N. 28, PageID # 271-74) However, a contract between the federal government and a private party cannot alter the exclusivity of federal jurisdiction. *Brookhaven Sci. Assoc., LLC v. Davidson*, No. 04 CIV.4013 LAP, 2007 WL 2319141, at *7 (S.D.N.Y. Aug. 9, 2007); *Mersnick v. USProtect Corp.*, No. C-06-03993 RMW, 2006 WL 3734396, at *6 (N.D. Cal. Dec. 18, 2006).

Kentucky." (D.N. 30-2, PageID # 313, 319) Pettway's KCRA and outrageous-conduct claims are therefore barred by the Federal Enclave Doctrine, and the proposed amended complaint is futile as to these claims.

### B. Pettway's Negligent Hiring and Supervision Claim

Akima next argues that the proposed amendment is futile with respect to Pettway's negligent hiring and supervision claim because that claim is preempted by the Kentucky Workers Compensation Act.[3] (D.N. 27-1, PageID # 266; D.N. 31, PageID # 348). Under the KWCA's exclusivity provision, "[i]f an employer secures payment of compensation as required by [the KWCA], the liability of such employer shall be exclusive and in place of all other liability of such employer to the employee." Ky. Rev. Stat. § 342.690. Thus, the KWCA is the exclusive remedy for negligent hiring and supervision claims made by an employee against an employer covered by the Act. *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 499 (6th Cir. 2016); *Tucker v. City of Princeton, Ky.*, No. 5:08-CV-00203-TBR, 2010 WL 2773390, at *11 (W.D. Ky. July 13, 2010). Pettway does not challenge Akima's coverage under the KWCA. (D.N. 28)

Pettway does assert, however, that the KWCA is inapplicable to his hiring and supervision claim because his injuries are not physical and did not arise from a physical injury. (D.N. 28, PageID # 277) He argues that the KWCA only preempts negligence claims that relate to physical injuries. (*Id.*) Yet Pettway alleges that Akima's negligence caused him to suffer physical injuries such as "stomach upsets and aggravation of physical conditions affected by stress, including blood pressure." (D.N. 30-2, PageID # 321) Furthermore, in *Roof*, the Sixth Circuit held that the KWCA preempts claims for damages not resulting from a physical injury. 641 F. App'x at 499. As the

---

[3] Kentucky recognized negligent hiring and supervision claims before Fort Knox became a federal enclave. *See Maggard v. Louisville Cooperage Co.*, 22 S.W.2d 279 (Ky. 1929). Thus, these claims are not barred by the Federal Enclave Doctrine. *See Paul*, 371 U.S. at 268 (1963).

6

district court in *Roof* explained, and the Sixth Circuit affirmed, the text of the KWCA as well as Kentucky courts' history of interpreting it show that the intent of the Act was to prohibit all negligence actions between an employee and employer; consequently, Roof's negligent-hiring claim was preempted even though her injury was emotional pain and suffering. *Roof v. Bel Brands USA, Inc.*, No. 4:14CV-00071-JHM, 2014 WL 5243051 (W.D. Ky. Oct. 15, 2014); *see also Tucker*, 2010 WL 2773390, at *11 (plaintiff's negligent-supervision claim was preempted by the KWCA even though her injury was emotional and mental distress). Pettway's negligent hiring and supervision claim is likewise preempted by the KWCA notwithstanding Pettway's allegations of some non-physical injuries. *See Roof*, 641 F. App'x at 499.

## IV. CONCLUSION

Pettway's proposed amendment is futile. Moreover, the foregoing analysis applies equally to Pettway's first amended complaint. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Akima LLC, Akima Support Operations LLC, and Wolverine Services LLC's motion to dismiss for failure to state a claim (D.N. 27) is **GRANTED**. Pettway's claims against Akima LLC, Akima Support Operations LLC, and Wolverine Services LLC are **DISMISSED**. The Clerk of Court is **DIRECTED** to terminate Akima LLC, Akima Support Operations LLC, and Wolverine Services LLC as defendants in the record of this matter.

(2) Pettway's second motion for leave to amend (D.N. 30) is **DENIED**.

November 28, 2018

**David J. Hale, Judge**
**United States District Court**

7